UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARIO COLON and MICHAEL ST. JOHN,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, LIEUTENANT
PATRICK RYAN, DETECTIVE ANDREW
R. PRENDERGAST (Shield #3769),
DETECTIVE WILLIE JOHNSON,
DETECTIVE CHRISTOPHER WARD
and POLICE OFFICERS JOHN DOE 1-5,

                Defendants.
----------------------------------------------------------x

Civil Case #: BROOKLYN OFFICE

CV11-0173

COMPLAINT

JURY DEMAND

**SUMMONS ISSUED**
**AMON, J.**
**GO, M.J.**

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 11 2011 ★
BROOKLYN OFFICE

Plaintiffs DARIO COLON and MICHAEL ST. JOHN, by their attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, LIEUTENANT PATRICK RYAN, DETECTIVE ANDREW R. PRENDERGAST (Shield #3769), DETECTIVE WILLIE JOHNSON, DETECTIVE CHRISTOPHER WARD and POLICE OFFICERS JOHN DOE 1-5 (collectively referred to as the Defendants), upon information and belief, allege as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom; and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and §1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance,

|     | |
| --- | --- |
|     | regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. |
| 3.  | As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c). |

## THE PARTIES

|     | |
| --- | --- |
| 4.  | During all times material to this complaint, each plaintiff was, and still is, a resident of the State of New York, presently residing in Kings County. |
| 5.  | At all relevant times, defendants LIEUTENANT PATRICK RYAN, DETECTIVE ANDREW R. PRENDERGAST (Shield #3769), DETECTIVE WILLIE JOHNSON, DETECTIVE CHRISTOPHER WARD and POLICE OFFICERS JOHN DOE 1-5 (collectively referred to as defendant officer(s)), upon information and belief, were and still are, law enforcement officers in the employ of the Police Department of the City of New York. |
| 6.  | At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department. |
| 7.  | At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant Officers, through its Police Department, namely New York City Police Department and the actions of the |

        defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8.      Plaintiffs sue all defendants in their individual and official capacities.

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

9.      All conditions precedent to the filing of this action have been complied with. On October 25, 2010, within ninety days after all or some of the claims alleged in this complaint arose, written notice(s) of claim, sworn to by each plaintiff, were served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff Dario Colon's claim was assigned Claim No. 2010PI039482. Plaintiff Michael St. John's claim was assigned Claim No. 2010PI039472.

10.      At least thirty days have elapsed since the service of the above-mentioned notice(s) of claim, and adjustment or payment of the claim(s) have been neglected or refused.

11.      This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which all and/or some of the claim(s) is/are based.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.      On or about January 14, 2008, at approximately 07:30 p.m., at Livonia Avenue, at or close to its intersection with Sheffield Avenue, in Brooklyn, New York (hereinafter "subject location"), each plaintiff was falsely arrested without probable cause by the defendant officers.

13.      At the above-referenced place and time, the defendant officers claimed that they had observed each plaintiff in the possession of a loaded firearm, as a result of which they arrested each plaintiff.

14. The defendant officers claimed that after they had arrested the plaintiffs, they recovered a weapon from the rear wheel well of an "H-2 Hummer" vehicle that was in the vicinity of the arrest.

15. That the defendant officers also claimed that the plaintiff DARIO COLON made a spontaneous statement following his arrest, wherein he was alleged to have admitted to the ownership and/or possession of said weapon.

16. That the offending officers also claimed that the plaintiff MICHAEL ST. JOHN made a spontaneous statement following his arrest, wherein he was alleged to have informed Dario Colon, who was arrested at the same time, that *"You got to take this one"*.

17. That the plaintiffs did not make the statements attributed to them, and the above-referenced statements were in fact fabricated by the defendant officers.

18. That following their arrest(s), each plaintiff was transported to the 75th precinct.

19. Upon arrival at the 75th precinct, each plaintiff was strip searched. Nothing illegal was found upon the person of each plaintiff. Nevertheless, each plaintiff was placed in a holding cell after being fingerprinted and photographed. The plaintiff Dario Colon's arrest number was "K08604699". The plaintiff Michael St. John's arrest number was "K08604703".

20. Each plaintiff was subsequently transported to "Central Booking" located at downtown Brooklyn, within the premises described as 120 Schermerhorn Street, Brooklyn, New York 11201.

21. Each plaintiff remained at Central Booking until he was arraigned before a New York City Criminal Court judge on the following charges: (a) Criminal Possession of a Weapon in the Second Degree - P.L. 265.03; and (b) Criminal Possession of a Weapon in the Fourth Degree - P.L. 265.01.

22. The plaintiff Dario Colon's criminal court docket number was "2008KN004025".

23. The plaintiff Dario Colon's pleaded "not guilty" at arraignment. Bail was then set at an amount that the plaintiff Dario Colon could not afford to post immediately. As such the plaintiff Dario Colon was remanded to the Rikers Island Correctional Facility. The plaintiff Dario Colon remained in jail for approximately seventy-five (75) days until he was able to post bail, at which time he was released.

24. The plaintiff Michael St. John's criminal court docket number was "2008KN004026".

25. The plaintiff Michael St. John pleaded "not guilty" at arraignment. Bail was then set at an amount that the plaintiff Michael St. John could not afford to post immediately. As such the plaintiff Michael St. John's was remanded to the Rikers Island Correctional Facility. The plaintiff Michael St. John remained in jail for approximately thirty (30) days until he was able to post bail, at which time he was released.

26. That all and/or some of the above-named officers subsequently proffered false testimony under oath before a Kings County grand jury in relation to the facts and circumstances surrounding each plaintiff's arrest.

27. That upon information and well founded belief, all and/or some of the above-named officers later suborned false testimony from witness(es), who thereafter testified falsely under oath before a Kings County grand jury, in relation to the facts and circumstances surrounding each plaintiff's arrest and the above-referenced alleged crimes.

28. That following the proffered false testimony under oath, before a Kings County grand jury, by all and/or some of the above-named officers and witnesses, a Kings County grand jury indicted each plaintiff with respect to the above-referenced offence(s).

29. The Kings County Supreme Court Indictment number for each plaintiff was "624/2008".

30. That the above-referenced Kings County grand jury indictment was obtained by each defendant's fraud, perjury, suppression of evidence and/or other police and/or prosecutorial misconduct undertaken in bad faith.

31. Following a jury trial in New York State Supreme Court (Criminal Term) before the Honorable Thomas Carroll, which commenced on September 30, 2010, and concluded on October 4, 2010, the plaintiff Michael St. John was acquitted of all the above-referenced charges. Upon acquittal, the plaintiff Michael St. John was then released from the jurisdiction of the court.

32. Following a jury trial in New York State Kings County Supreme Court (Criminal Term) before the Honorable Thomas Carroll, that commenced on October 6, 2010, and concluded on October 12, 2010, the plaintiff Dario Colon was acquitted of all the above-referenced charges. Upon acquittal, the plaintiff Dario Colon was then released from the jurisdiction of the court.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

33. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34. The above-described respective arrest(s), detention(s) and imprisonment(s) of the plaintiffs were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest or subsequent detention.

35. As a result of plaintiffs above-described false arrest(s) and imprisonment(s), they have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, were prevented from attending to their necessary

36. affairs, have been caused to incur legal expenses, and have been otherwise damaged in their character and reputation.

36. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

37. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE(S) OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

38. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39. The commencement and continued prosecution of the criminal judicial proceeding against each plaintiff, including the arrest, the imprisonment, and the charges against each plaintiff, were committed by or at the insistence of the defendants, without probable cause or legal justification and with malice.

40. That said defendants were directly involved in the initiation of criminal proceedings against each plaintiff.

41. That said defendants lacked probable cause to initiate criminal proceedings against each plaintiff.

42. That said defendants acted with malice in initiating criminal proceedings against each plaintiff.

43. That said defendants were directly involved in the continuation of criminal proceedings against each plaintiff.

44. That said defendants lacked probable cause in continuing criminal proceedings against each plaintiff.

45. That said defendants acted with malice in continuing criminal proceedings against each plaintiff.

46. That said defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.
47. That said defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.
48. That said defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.
49. That said defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.
50. That said defendants misrepresented and falsified evidence before the Grand Jury panel.
51. That said defendants withheld exculpatory evidence from the Grand Jury panel.
52. That said defendants did not make a complete statement of facts to the Grand Jury panel, thus misleading them.
53. The criminal judicial proceedings initiated against each plaintiff was/were dismissed, and terminated in each plaintiff's favor.
54. The arrest(s), imprisonment(s) and prosecution(s) of each plaintiff were malicious and unlawful because each plaintiff had committed no crime and there was no probable cause to believe that any of the plaintiffs had committed any crimes.
55. The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against each plaintiff were false and untrue.
56. As a consequence of the malicious prosecution by the defendants, each plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and their constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

57. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. That upon initially accosting the plaintiffs, the defendants searched and/or caused each plaintiff to be searched, without any individualized reasonable suspicion that said plaintiff was concealing weapons or contraband.

59. Following each plaintiff's arrest, the defendants strip-searched and/or caused each plaintiff to be strip-searched, without any individualized reasonable suspicion that said plaintiff was concealing weapons or contraband.

60. As a result of the foregoing, the plaintiffs were subjected to illegal and improper searches.

61. The foregoing searches violated the plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

62. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

64. The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

65. As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages

from work, and each plaintiff's constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

66. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67. The individual defendants created false evidence against each plaintiff.

68. The individual defendants forwarded false evidence and false information concerning each plaintiff to the prosecutors in the Kings County District Attorney's office.

69. The individual defendants provided false testimony throughout the criminal proceedings.

70. By creating false evidence against each plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated each plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

71. As a consequence of said defendants' actions, each plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and each plaintiff's constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

72. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. The defendants arrested and incarcerated each plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest(s) and incarceration(s) would jeopardize each plaintiff's liberty, well-being, safety and constitutional rights.

74. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

75. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

76. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

    a. Wrongfully arresting individuals on the pretext that they are/were involved in drug transactions;

    b. manufacturing evidence against individuals allegedly involved in drug transactions;

    c. unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

77. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

78. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

79. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

80. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

(a) The right of each plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of each plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that each plaintiff was detained and subsequently prosecuted.

81. As a result of the actions of the defendants, each plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned each plaintiff thereby depriving each plaintiff of his liberty without due process of law.

82. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiffs for the damages they suffered.

83. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

84. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
January 7, 2010

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____

Wale Mosaku
Attorney(s) for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

THE CITY OF NEW YORK
C/O New York City Law Department
100 Church Street
New York, N.Y. 10007

LIEUTENANT PATRICK RYAN
Defendant Pro Se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, New York 11207

DETECTIVE ANDREW R. PRENDERGAST (Shield #3769)
Defendant Pro Se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, New York 11207

DETECTIVE WILLIE JOHNSON
Defendant Pro Se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, New York 11207

DETECTIVE CHRISTOPHER WARD
Defendant Pro Se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, New York 11207